1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

KRISTINA MATYSIK,

    Plaintiff,

v.

COUNTY OF SANTA CLARA, et al.,

    Defendants.

Case No.16-CV-06223-LHK

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Re: Dkt. No. 18

Plaintiff Kristina Matysik ("Plaintiff") sues Defendants County of Santa Clara ("County"), Laurie Smith ("Smith"), and Christina Jieun Choi ("Choi") for federal and state causes of action. Before the Court is the County and Smith's (collectively, "Defendants") motion to dismiss.  ECF No. 18 ("Def. Mot.").  The Court finds this matter suitable for decision without oral argument and hereby VACATES the motion hearing set for February 16, 2017, at 1:30 p.m.  Having considered the submissions of the parties, the relevant law, and the record in this case, the Court hereby GRANTS Defendants' motion to dismiss.

I.    **BACKGROUND**

A.    **Factual Background**

Vladamir Matyssik ("Vladamir"), Plaintiff's father, suffered from Alzheimer's disease and

1    dementia.  ECF No. 15 (First Amended Complaint, or "FAC"), ¶ 8.  On April 6, 2015, Vladamir

2    was arrested and cited for trespassing after Vladamir "was behaving in a bizarre manner at the

3    Jewish Community Center in Los Gatos" and refused to leave.  *Id.* ¶ 9.  Vladamir was ordered to

4    appear in Court on July 8, 2015, but Vladamir did not appear.  *Id.*  On October 22, 2015, a warrant

5    was issued for Vladamir's arrest.  *Id.*

6           The FAC alleges that "[t]he date and manner of [Vladamir's] second arrest is unknown to

7    Plaintiff," but "[w]ithin the 10 days following issuance of the warrant, [Vladamir] was arrested

8    and held in custody" by the County.  *Id.* ¶ 10.  Plaintiff alleges on information and belief "that the

9    charging documents filed by the District Attorney's office included information about

10   [Vladamir's] medical condition and the need for supervision at the time of his release from

11   custody."  *Id.*   The FAC alleges that, while Vladamir was in custody of the County, Vladamir

12   "lost access to his daily medications and his mental status and behavior deteriorated."  *Id.* ¶ 11.

13   "[D]espite his obvious medical disability, and information otherwise made available to [Smith]

14   and the agents and employees of [the County], no medical attention was provided and none of

15   [Vladamir's] prescribed medications were administered to [Vladamir] while he was in

16   Defendants' custody."  *Id.*

17          On November 5, 2015, Michael Pavlov ("Pavlov"), a friend of Vladamir's and Vladamir's

18   "frequent care provider, spoke to the judge who had been assigned [Vladamir's] case."  *Id.* ¶ 12.

19   Pavlov told the judge that Vladamir was disabled by Alzheimer's and dementia, and Pavlov

20   provided medical documentation to the judge regarding Vladamir's condition and medical

21   prescriptions.  *Id.*  Subsequently, the judge dismissed the charges against Vladamir, and ordered

22   that Vladamir be released from custody.  *Id.* ¶ 13.  According to the FAC, "Plaintiff is informed

23   and believes . . . that the court directed defendant agents and employees of [Smith] to ensure that

24   [Vladamir] was released under the supervision of persons who were able to provide for"

25   Vladamir's safety.  *Id.*  Moreover, the state court "obtained confirmation from Pavlov that Pavlov

26   would be present at the time of [Vladamir's] release from custody to provide supervision and

27   transportation."  *Id.*

28
     2
     Case No. 16-CV-06223-LHK
     ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

The FAC alleges that Pavlov "made multiple attempts to determine when [Vladamir] would be released" from custody, and Pavlov "spoke with agents and employees of [Smith] and [the County], and advised them that [Pavlov] was a friend and care provider for [Vladamir], and that [Vladamir] had Alzheimer's Disease and dementia and needed to take multiple medications daily to manage his condition." *Id.* ¶ 14. Moreover, Pavlov told the County agents and employees that Vladamir "would require direct supervision and transportation home when he was released." *Id.* However, "[a]gents and employees of [the County] refused to accept contact information from Pavlov [and] told Pavlov that they could not give [Pavlov] information about [Vladamir] or his release" from custody. *Id.*

According to the FAC, "Pavlov was told by other County agents and employees that [Vladamir] would be released" from custody on November 5, 2015, at 9:00 p.m. *Id.* ¶ 15. However, "Pavlov presented at the detention facility before 9:00 p.m. on November 5, but was then told by County agents and employees that [Vladamir] was no longer in custody, but had already been released earlier that day." *Id.* Thereafter, friends and care providers of Vladamir "searched for [Vladamir] for hours," and ultimately filed a missing person report on November 6, 2015. *Id.*

Plaintiff alleges on information and belief that Vladamir "was released from custody of [the County] on November 6, 2015, at approximately 7:00 a.m." *Id.* ¶ 17. Plaintiff states that Defendants "did not contact Pavlov nor any care provider about" Vladamir's release from custody, and that the Defendants released Vladamir from custody "without supervision, medical stabilization, or transportation." *Id.* Moreover, Plaintiff alleges that "defendants knew that they were releasing [Vladamir] with an uncharged cell phone," and thus Vladamir could not "summon aid on his own." *Id.*

The FAC alleges that "[r]oughly 10 hours after [Vladamir] was released by defendants, [Vladamir] walked onto Interstate 880 Southbound in Milpitas, approximately 8.8 miles from the County detention facility from which he was released and in the opposition direction from his home." *Id.* ¶ 22. Vladamir "was struck in the leftmost lane of southbound Interstate 880 by a car

3

1   driven by" Choi.  *Id.*  Vladamir died after being struck by Choi's vehicle.  *Id.*

2   **B.     Procedural History**

3            Plaintiff filed a complaint against Defendants in Santa Clara County Superior Court on

4   August 15, 2016.  ECF No. 2-1 (Complaint, or "Compl.").  Count One of Plaintiff's state court

5   complaint alleged negligence against all Defendants.  *Id.* ¶¶ 30–35.  Count Two alleged negligence

6   per se against all Defendants.  *Id.* ¶¶ 36–41.  Count Three alleged wrongful death against all

7   Defendants.  *Id.* ¶¶ 42–46.  Count Four alleged violation of 42 U.S.C. § 1983 against Smith.  *Id.*

8   ¶¶ 47–50.

9            On October 27, 2016, Defendants removed Plaintiff's state court complaint from the Santa

10  Clara County Superior Court to this Court, and asserted that this Court had federal question

11  jurisdiction under 28 U.S.C. § 1331.  ECF No. 2.

12           On November 2, 2016, the County and Smith filed a motion to dismiss the Complaint.

13  ECF No. 13.  Specifically, the County asserted that Plaintiff's state law claims must be dismissed

14  because the County and its employees were immune under state law.  *Id.* at 3–7.  Further, the

15  County and Smith moved to dismiss Plaintiff's § 1983 claim against Smith, and argued that

16  Plaintiff had failed to allege sufficient facts to state a claim for relief.  *Id.* at 8.

17           Rather than oppose the motion to dismiss, Plaintiff filed on November 16, 2016, a First

18  Amended Complaint.  *See* FAC.  Plaintiff's First Amended Complaint alleged six causes of action.

19           Count One, brought on behalf of Vladamir's estate, alleged a cause of action under 42

20  U.S.C. § 1983 against Smith in her individual capacity.  *Id.* ¶¶ 29–33.

21           Count Two, brought on Plaintiff's own behalf, alleged a cause of action under § 1983

22  against Smith in her individual capacity.  *Id.* ¶¶ 34–38.

23           Count Three, brought on Plaintiff's own behalf and on behalf of Vladamir's estate, alleged

24  a cause of action under § 1983 against Smith in her official capacity and the County.  *Id.* ¶¶ 39–43.

25           Count Four, brought on behalf of Vladamir's estate, alleged a cause of action under

26  California Government Code § 820 and was brought against Smith in her individual capacity.  *Id.*

27  ¶¶ 44–51.

28

United States District Court
Northern District of California

4

Case No. 16-CV-06223-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1    Count Five, brought by Plaintiff on her own behalf, alleged a violation of California

2    Government Code §§ 815.2 and 820 against the County. *Id.* ¶¶ 52–59.

3    Finally, Count Six, brought by Plaintiff on her own behalf, alleged a negligence cause of

4    action against Choi. *Id.* ¶¶ 60–64.

5    Because Plaintiff filed a First Amended Complaint, this Court denied as moot the County

6    and Smith's motion to dismiss Plaintiff's original complaint on November 16, 2016.  ECF No. 16.

7    On November 18, 2016, the County and Smith filed a motion to dismiss in part Plaintiff's

8    First Amended Complaint. *See* Def. Mot.  Specifically, Defendants moved to dismiss only Count

9    Four of Plaintiff's First Amended Complaint. *See id.*  On December 14, 2016, Plaintiff filed a

10   response in opposition.  ECF No. 20 ("Pl. Opp.").  On December 21, 2016, Defendants filed a

11   Reply.  ECF No. 21 ("Reply").

12   **II.    LEGAL STANDARD**

13   **A.     Rule 12(b)(6) Motion to Dismiss**

14   Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a

15   short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint

16   that fails to meet this standard may be dismissed pursuant to Rule 12(b)(6).  Rule 8(a) requires a

17   plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

18   *Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff

19   pleads factual content that allows the court to draw the reasonable inference that the defendant is

20   liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility

21   standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a

22   defendant has acted unlawfully." *Id.* (internal quotation marks omitted).

23   For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept [s] factual allegations

24   in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving

25   party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  The

26   Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see*

27   *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's

28

United States District Court
Northern District of California

5

complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).  Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam).  Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

## B.      Leave to Amend

If the Court concludes that the complaint should be dismissed, it must then decide whether to grant leave to amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (ellipsis in original).  Nonetheless, a district court may deny leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## III.     DISCUSSION

Defendants move to dismiss only Count Four of Plaintiff's FAC.  *See* Def. Mot. at 4. Count Four of Plaintiff's FAC asserts a cause of action under California Government Code § 820 for "malicious, fraudulent, and oppressive conduct by individual agents and employees of Santa Clara County."  FAC ¶¶ 44–50.  Count Four is brought on behalf of Vladamir's estate, and is asserted against Smith in her individual capacity.  *Id.*

As an initial matter, the Court notes that, other than citing § 820, Plaintiff's FAC does not specify the theory of liability alleged against Smith.  *See generally* FAC ¶¶ 44–50.  California Government Code § 820(a) provides only that "[e]xcept as otherwise provided by statute . . . a public employee is liable for injury caused by his act or omission to the same extent as a private

Case No. 16-CV-06223-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California

United States District Court
Northern District of California

1   person."  Cal. Gov't Code § 820(a).  However, because Count Four states that a "special

2   relationship" existed between Vladamir and Defendants, that "Defendants breached their duties of

3   care to Decedent," and that this "proximately caused" Vladamir's injuries, *see id.* ¶ 46–49, the

4   Court will assume that Count Four asserts that Smith was negligent.  *See Ladd v. Cty. of San*

5   *Mateo*, 911 P.2d 496, 498 (Cal. 1996) (stating that the elements of a cause of action for negligence

6   are (a) a legal duty; (b) breach of such legal duty; and (c) that the breach proximately caused the

7   resulting injury).  The Court turns to consider the merits of Plaintiff's claim.

8           Defendants assert that Count Four must be dismissed because Count Four states a claim

9   against Smith in her individual capacity, but the FAC fails to plead any acts or omissions

10  committed by Smith herself, as opposed to only agents and employees of Smith.  Def. Mot. at 5.

11  "In order to state a claim for individual liability, Plaintiff[] must allege that [Smith] actually

12  participated in the activities which give rise to the cause of action."  *D.K. ex rel. G.M. v. Solano*

13  *Cty. Off. of Educ.*, 2008 WL 5114965, at *8 (E.D. Cal. Dec. 2, 2008) (citing Cal. Gov't Code §

14  820.8).  Under California law, "[e]xcept as otherwise provided by statute, a public employee is not

15  liable for an injury caused by the act or omission of another person."  Cal. Gov't Code § 820.8.

16  However, a public employee is "liabl[e] for injury proximately caused by his own negligent or

17  wrongful act or omission."  *Id.*  Accordingly, as the Ninth Circuit has explained, "supervisory

18  personnel whose personal involvement is not alleged may not be held responsible for the acts of

19  their subordinates under California law."  *Milton v. Nelson*, 527 F.2d 1158, 1159 (9th Cir. 1975)

20  (citing Cal. Gov't Code § 820.8); *see also Roberts v. Cal. Dep't of Corrections*, 2014 WL

21  1308506, at *3 (C.D. Cal. Apr. 1, 2014) ("Under California Government Code § 820.8, a public

22  employee is immune from liability for his discretionary acts when a plaintiff fails to allege the

23  public employee's personal involvement.").

24          Plaintiff alleges in the FAC that the state court "directed defendant agents and employees

25  of [Smith] to ensure that [Vladamir] was released under the supervision of persons who were able

26  to provide for the safety of [Vladamir]."  FAC ¶ 13.  The FAC alleges that Pavlov, Vladamir's

27  friend and caretaker, "spoke with agents and employees of [Smith] and [County]" and that County

28

7

Case No. 16-CV-06223-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1   "agents and employees" told Pavlov that Vladamir "would be released November 5 at 9:00 p.m."

2   FAC ¶¶ 14–15.  However, when Pavlov arrived on November 5 before 9:00 p.m., "County agents

3   and employees [told Pavlov] that [Vladamir] was no longer in custody."  *See* FAC ¶ 14–15.  The

4   FAC alleges that Vladamir "was released from the custody of County on November 6, 2015, at

5   approximately 7:00 a.m." and that "Defendants did not contact Pavlov nor any care provider about

6   [Vladamir's] release from custody and released [Vladamir] without supervision, medical

7   stabilization, or transportation."  *Id.* at ¶¶ 15, 20.  In Count Four of Plaintiff's FAC, Plaintiff refers

8   only to the actions of "Defendants" generally.  *See id.* at ¶¶ 44–50.

9        The Court agrees with Defendants that the FAC "fails to allege [Smith's] personal

10   involvement."  *Roberts*, 2014 WL 1308506, at *3.  Rather, the facts alleged in Plaintiff's FAC

11   refer only to the actions of Smith's "agents and employees."  *See, e.g.* FAC ¶¶ 14–15.  However,

12   as discussed above, absent "specific information linking [Smith] to the incident sufficient to

13   establish negligence," Plaintiff fails to state a claim against Smith in her individual capacity.

14   *Roberts*, 2014 WL 1308506, at *3; *see also Kenney v. City of San Diego*, 2013 WL 5346813, at

15   *11 (S.D. Cal. Sept. 20, 2013) (dismissing state law claims asserted against defendants in their

16   individual capacity because, under § 820.8, the defendants could not be held liable under a theory

17   of respondeat superior and "the Complaint fail[ed] to adequately allege facts to support the

18   conclusion that" the defendants were liable based on their own conduct); *D.K. ex rel. G.M.*, 2008

19   WL 5114965, at *9 (dismissing state law claims asserted against defendants in their individual

20   capacity because "Plaintiffs do not allege that [the defendants] personally took part in the alleged

21   activities that would give rise to the aforementioned state claims").

22        In her opposition to Defendants' motion to dismiss, Plaintiff insists that she is not pursuing

23   a respondeat superior theory of liability against Smith, but rather that Plaintiff has alleged that

24   Smith herself "knowingly participated and acquiesced in the wrongful conduct of other County

25   employees, and ratified these acts after they were committed."  Pl. Opp. at 3.  However, as

26   discussed above, the FAC contains no factual allegations about Smith's individual conduct.  FAC,

27   at ¶¶ 8–27.  At most, Plaintiff states in Counts One and Two of the FAC, which allege causes of

United States District Court
Northern District of California

28

8

action under § 1983 against Smith in her individual capacity, that "the actions and omissions of Laurie Smith were a moving force behind the unconstitutional conduct of the remaining defendants and that Laurie Smith ratified and condoned the unconstitutional conduct of defendants." FAC at ¶ 31, 36. However, even considering the allegations in Counts One and Two, Plaintiff has failed to state a claim for relief in Count Four. Plaintiff's allegations that Smith's actions "were a moving force behind the unconstitutional conduct" of other defendants and that Smith "ratified and condoned the unconstitutional conduct of defendants," *id.*, are legal conclusions, not allegations of fact, and are thus insufficient to state a claim. *See Fetter v. Placer Cty. Sheriff*, 2014 WL 4078638, at *7 (E.D. Cal. Aug. 13, 2014) (finding a plaintiff had failed to state a negligence claim against a sheriff in her individual capacity because the plaintiff plead only conclusory allegations that the sheriff "condoned an ongoing pattern of denial of Inmate requests for medical assistance" and that the sheriff "maintained or permitted [certain] official policies, customs, or practices"); *Kenney*, 2013 WL 5346813, at *10–11 (finding a plaintiff had failed to state a claim against defendants in their individual capacity because the complaint alleged only conclusively that the defendants "had the opportunity and the obligation to intervene . . . but did not do so" and that the individual defendants "cooperated and conspired in the illegal detention").

Thus, because the FAC contains factual allegations only as to the conduct of Smith's "agents and employees," the Court agrees with Defendants that Plaintiff has failed to state a claim in Count Four against Smith in her individual capacity. *See* FAC ¶¶ 14–15; *Milton*, 527 F.2d at 1159 ("[S]upervisory personnel whose personal involvement is not alleged may not be held responsible for the acts of their subordinates under California law."). Accordingly, Defendants' motion to dismiss Count Four is GRANTED. However, because amendment is not necessarily futile, the Court grants Plaintiff leave to amend the FAC in order to allege facts regarding Smith's individual conduct. *Leadsinger*, 512 F.3d at 532 (stating that a district court should grant leave to amend unless amendment is futile).

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss Count Four.

9

Case No. 16-CV-06223-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1   Should Plaintiff choose to file an amended complaint curing the deficiencies identified in this

2   order, Plaintiff shall do so within thirty (30) days of the date of this order.  Failure to meet this

3   deadline, or failure to cure the deficiencies identified in this order, will result in a dismissal with

4   prejudice.  Plaintiff may not add new parties or claims without leave of the Court or stipulation of

5   the parties pursuant to Federal Rule of Civil Procedure 15.

6

7   **IT IS SO ORDERED.**

8   Dated: February 8, 2017

9   _____

10   LUCY H. KOH
    United States District Judge

Case No. 16-CV-06223-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS